[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 19, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15036
Non-Argument Calendar

_____

BIA Nos. A97-208-918 & A97-208-919

RONALDO C. DE ALMEIDA DE GIACOMO,
VANESSA ARAUJO DE GIACOMO,
MARCELLA ARAUJO DE GIACOMO,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(June 19, 2008)**

Before ANDERSON, HULL and WILSON, Circuit Judges.

PER CURIAM:

Ronaldo Constantino De Almeida De Giacomo, his wife, Vanessa Araujo De Giacomo, and their daughter, Marcella Araujo De Giacomo (collectively "Petitioners"), natives and citizens of Brazil, through counsel, seek review of the final order by the Board of Immigration Appeals ("BIA") affirming the immigration judge's ("IJ's") final removal order and denial of Petitioners' claims for asylum and withholding of removal under the Immigration and Nationality Act ("INA"), and relief under the United Nations Convention on Torture and other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"), 8 U.S.C. §§ 1158, 1231, 8 C.F.R. § 208.16(c). On appeal, Petitioners argue that they established eligibility for withholding of removal[1] because they were members of a particular social group, namely wealthy individuals who reported crime to the police, and suffered past persecution in that they were harassed and De Giacomo's vehicles were vandalized. For the reasons set forth below, we deny the petition.

We review the BIA's decision directly because it did not expressly adopt the IJ's reasoning. *Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). We review a BIA's factual determinations under the highly deferential substantial evidence test, and we "must affirm the BIA's decision if it is supported by

---

[1] In their appellate brief, Petitioners do not argue that the BIA erred in finding their asylum application was untimely or that the BIA erred in denying them protection under CAT, and they have thus abandoned those claims. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (per curiam) (noting that when a party fails to offer argument on an issue, that issue is abandoned).

2

reasonable, substantial, and probative evidence on the record considered as a whole." *Id.* (internal quotation marks omitted). We can reverse a finding of fact by the BIA "only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc). We review the BIA's legal determinations de novo. *Lopez v. U.S. Att'y Gen.*, 504 F.3d 1341, 1344 (11th Cir. 2007).

An alien is entitled to a withholding of removal if the Attorney General decides that the "alien's life or freedom would be threatened . . . because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." INA § 241, 8 U.S.C. § 1231(b)(3)(A), 8 C.F.R. § 208.16(b). The "particular social group" category refers to persons who share a "common, immutable characteristic . . . that is fundamental to its members' individual identities or consciences." *Castillo-Arias v. U.S. Att'y Gen.*, 446 F.3d 1190, 1193, 1196 (11th Cir. 2006) (internal quotation marks omitted), *cert. denied*, 127 S. Ct. 977, 166 L. Ed. 2d 709 (2007). In assessing whether the applicant belongs to a particular social group, we focus on (1) immutability, and (2) social visibility. *See id.* at 1194.

Here, the BIA correctly concluded that Petitioners failed to establish that they belonged to a particular social group, and substantial evidence supports the

3

BIA's finding that they failed to establish past persecution.  Accordingly, we deny the petition.

**DENIED.**